UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

HENRY A. HALL, Prisoner No. 229443 )
)
v. ) NO. 2:07-CV-127
)
SCOTT PURKY; GEORGE SAUCEMAN[1] )

## MEMORANDUM OPINION

Federal inmate Henry A. Hall, acting *pro se*, filed this civil rights action for damages under 42 U.S.C. § 1983, asserting that he was denied medical care at the Hamblen County Detention Center (hereinafter HCDC), where he was formerly confined. The parties have filed motions, which now are ripe for disposition.

**I. Plaintiff's Motion for Entry of Default/Default Judgment**

Plaintiff has filed a combined motion for entry of a default and, if warranted, a judgment by default. [Doc. 17]. Defendants have submitted a response in opposition, arguing that service was defective because the HCDC employee who signed the certified mail return receipt was not their authorized agent. [Doc. 20].

---

[1] Defendants' last names were spelled, respectively, "Perky" and "Sauseman" in the complaint, but the Court has been notified as to the correct spellings [Doc. 22], and, therefore, has used those in this opinion.

Defendants, however, have not offered any affidavits to support their argument.

Nonetheless, default, under Rule 55(a) and (b) of the Federal Rules of Civil Procedure, involves a two-step process. First, a default is entered against a party who has failed to plead or otherwise defend against a lawsuit. After the entry of the default, the non-defaulting party must seek a default judgment. Plaintiff has committed a procedural slip by condensing these two distinct steps into one. *See O.J. Distributing, Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003) ("[I]t is important to distinguish between an entry of default and a default judgment.") (quoting *United States v. Real Property & All Furnishings Known as Bridwell's Grocery & Video,* 195 F.3d 819, 820 (6th Cir.1999)).

Furthermore, defendants have now responded to the complaint by filing a motion to dismiss. "Acts that show an intent to defend have frequently prevented a default . . . ." *See* Advisory Committee Note to 2007 Amendments to Fed. R. Civ. P. 55. Therefore, since defendants have offered their response, plaintiff's combined motion for entry of a default and for a judgment of default will be **DENIED**. *See INVST Financial Group, Inc. v. Chem-Nuclear Systems, Inc*., 815 F.2d 391, 397 (6th Cir. 1987) (noting the strong preference for trials on the merits in cases involving entry of defaults or default judgments).

## II. Defendants' Motion to Dismiss

HCDC Officer George Sauceman and former Officer Scott Purkey have submitted a motion to dismiss and a supporting brief, arguing that plaintiff has failed to state a claim against them entitling him to relief and, in passing, that they enjoy qualified immunity in this lawsuit for damages. [Docs. 21, 22].

## III. Standard of Review

In ruling on a defendant's motion to dismiss, all well-pleaded factual allegations contained in the complaint must be accepted as true, but also must be sufficient "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). Moreover, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Finally, "[a] motion to dismiss for failure to state a claim is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of*

*Columbus*, 404 F.3d 950, 958-59 (6th Cir. 2005).

## IV. Governing Law

Plaintiff's medical claims are controlled by by *Estelle v. Gamble*, 429 U.S. 97 (1976), which holds that the Eighth Amendment is violated when prison authorities are deliberately indifferent to the serious medical needs of prisoners. An Eighth Amendment claim has both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component requires the plaintiff to show a "sufficiently serious" deprivation. *Id.* A medical need may be objectively serious if even a lay person would recognize the seriousness of the need for medical care. *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005).

The subjective component requires a showing of a sufficiently culpable state of mind—one of deliberate indifference. *Farmer*, 511 U.S. at 842. Deliberate indifference is illustrated by a prison official who acts or fails to act despite knowledge of a substantial risk of serious harm to an inmate under his care. *See id.* at 837 (deliberate indifference shown by an official who is both aware of facts from which the existence of a substantial risk of serious harm could be inferred and actually draws that inference). However, where a prisoner receives some medical care and the dispute is over its adequacy, no claim has been stated. *Westlake v. Lucas*, 537 F.2d

857, 860 n.5 (6th Cir. 1976). By the same token, no viable Eighth Amendment claim is stated by allegations that a medical condition has been negligently diagnosed or treated, and the mere fact that the victim happens to be a prisoner does not convert it into a constitutional violation. *Estelle*, 429 U.S. at 106.

## V. Analysis

A. <u>Ear Problem</u>

In this claim, plaintiff alleges that a nurse lanced two large boils under his left arm and gave him antibiotics, and that, during this visit, he complained of ear problems, but was told that he would be checked later. Plaintiff contends that after he returned to his cell, he asked inmates to look at his ears. They did so and extracted a roach from his right ear. Plaintiff filed requests and grievances but received no response and now suffers from hearing loss in his right ear.

Defendants argue, in their motion, that plaintiff has failed to state a claim against them, since he has not alleged that **they** played any part whatsoever in denying him medical care for his ear. Conceding that plaintiff might have stated a claim against an unidentified nurse, defendants argue that his assertions against a nurse do not create a claim against them.

The Court finds that plaintiff's contentions of fact do not "allow[] the

court to draw the reasonable inference that the **defendant[s** are] liable for the misconduct alleged," *Iqbal*, 129 S.Ct. at 1949 (emboldening added), and thus lack facial plausibility. This claim will be **DISMISSED** since plaintiff has failed to state a claim against the named defendants which would entitle him to relief under section 1983.

B. Staph Infection

The second claim is comprised of the following factual contentions. On April 26, 2007, plaintiff, having turned in a medical request form, asked defendant Scott Purky to see the nurse. Defendant Purky replied, "We're too busy right now." Plaintiff filed another request and a grievance and, the next day, he showed his arm —and presumably the boils—to defendant George Sauceman. Defendant Sauceman commented, "I'll tell her it's bad." On April 28, 2007, plaintiff again showed his arm to the same defendant and this time defendant responded by taking plaintiff to the medical unit. The medical care provider looked at the sores on plaintiff's arm and said, "I will call you out in the morning probaly (sic) lance them open." The next day, plaintiff informed defendant Sauceman that "the sores hurt bad," but defendant retorted, "We're busy."

On April 30, 2007, the head nurse came to plaintiff's cell, checked his

arm, and verified with plaintiff that the "weekend nurse" had done nothing for him. However, she did nothing for plaintiff either, though she sent word to him two days later, explaining that she had gotten busy the day before and would try to get to him that day. At noon on that date, plaintiff was transferred to another jail and, on May 3, 2007, was diagnosed as having a staph infection in his arm and given medication immediately. Plaintiff contends that, as a result of the lack of medical care, he sustained unnecessary pain for at least fourteen days and now has limited use of his left arm.

Defendants take the position that they would not have recognized that plaintiff had a serious medical need since the nurse did not deem his need serious enough to treat it when she had the opportunity (the obvious implication being that plaintiff had no serious medical need). The Court agrees. The objective component of an Eighth Amendment claim requires a plaintiff to show a "sufficiently serious" deprivation, but these defendants, on the facts alleged, would not have realized that a skin problem which was not treated by the medical care provider charged with rendering such treatment constituted a serious medical need. *See, e.g., Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (defining a serious medical need as one diagnosed by a physician as mandating treatment or one so obvious that even a lay

person would easily recognize that a doctor's attention is essential).

Defendants also claim that plaintiff has not established any deliberate indifference on their part because, as HCDC guards with no medical training, they were entitled to rely on the nurse's medical judgment. Again, the court agrees. *See id.* (once defendants obtained medical care for plaintiff, they could not be faulted for relying on the medical treatment of nurses). As the Supreme Court has explained: "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Farmer*, 511 U.S. at 838.

## VI. Qualified Immunity (Law & Analysis)

Defendants, alternatively, assert a defense of qualified immunity. Qualified immunity protects governmental officials from suit in their individual capacities where their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). *See Malley v. Briggs*, 475 U.S. 335, 341, (1986) (qualified immunity safeguards "all but the plainly incompetent or those who knowingly violate the law").

Because the Court has determined that defendants did not violate

plaintiff's rights under the Eighth Amendment, it is unnecessary to determine whether those rights were clearly established in February of 2009. Therefore, defendants are entitled to qualified immunity from this action for damages.

## VII. Conclusion

Based on the above reasoning, defendants' motion for summary judgment will be **GRANTED**, [Doc. 21], and this case will be **DISMISSED** by separate order.

    **ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
